**Norma J. CRAIG, Individually and as Wife, Next of Kin, Independent Administrator of The Estate of John R. Craig, Deceased, Plaintiffs,**

v.

**John P. CROWLEY, et al., Defendants.**

No. 2:94 cv 313 JM.

United States District Court, N.D. Indiana, Hammond Division.

May 10, 1996.

Elmer Paul Marshall, James Paul Costello, Chicago, IL, Susan F. Castner, Michigan City, IN, for plaintiffs.

Robert Joseph Kopka, Chicago, IL, Jeffrey Scott Herden, David F. Ryan, Landau Omahana & Kopka, Vernon Hills, IL, for John P. Crowley.

Paul B. Poracky, Spangler Jennings & Dougherty P.C., Merrillville, IN, for Joseph Williams, Allen L. Becker.

Eric L. Kirschner, Douglas A. Welp, Beckman Kelly & Smith, Hammond, IN, Larry L. Chubb, Valparaiso, IN, for Indiana Harbor Yacht Club, Incorporated.

James K. Wheeler, Coots Henke & Wheeler, Carmel, IN, for Freightliner Corp.

### *ORDER*

MOODY, District Judge.

Defendant Allen L. Becker has filed a motion captioned as a "Motion Pursuant to Federal Rules of Civil Procedure 4(m) to Dismiss Based on Failure of Service of Process." The motion asserts that "more than 120 days have elapsed without service of process being effectuated."

Plaintiff has filed a response asserting that service was timely made on Becker. Attached to the response is a copy of a certified mail return receipt purporting to show that Becker accepted service of the summons and complaint on the 120th day.

Although Becker has filed an answer in which he continues to assert that he has not been served, he has filed no reply. Thus, Becker presumes the court will divine his argument. Is the signature on the return receipt not his? Does he not reside at that address? Is service by mail not complete until a return of service is filed?

Becker's motion mentioned only FED. R.CIV.P. 4(m). RULE 4(m) specifies the time limit for service and provides that the court may dismiss the action "upon motion." The vehicle for making such a motion, however, is RULE 12(b)(5), not RULE 4(m). Were this not the case, the waiver provisions of RULE 12(h)(1) could be easily dodged, obviously not the intent of RULE 4(m).

RULE 7.1 of the LOCAL RULES OF THE U.S. DIST. CT FOR THE N. DIST. OF IND. requires RULE 12 motions to be accompanied by a separate supporting brief, and Becker's was not. Becker shall file a brief in support of his motion on or before May 24, 1996, or it will be denied. The briefing schedule provided in LOCAL RULE 7.1 shall apply.

SO ORDERED.